UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JOSE PINO,

                    Plaintiff,                          **COMPLAINT**

    -against-

P.O. "JOHN" HOOK, Individually and in his Official      **JURY TRIAL DEMANDED**
Capacity, (the name "John" being fictitious, as the true
given name is presently unknown), P.O.s "JOHN DOE"
#1-10, Individually and in their Official Capacities, (the      **ECF CASE**
name "John Doe" being fictitious, as the true names are
presently unknown),

                    Defendants.

------------------------------------------------------------------------X

        Plaintiff, JOSE PINO, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Hispanic male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. "JOHN" HOOK, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**FACTS**

13. On September 14, 2016, at approximately 9:00 A.M., plaintiff JOSE PINO was working at Elite Auto Salvage, located at 985 Bronx River Avenue, in the County of Bronx, City and State of New York.

14. At the aforementioned time and place, plaintiff JOSE PINO was working to remove dirt from the driveway at Elite Auto using a shovel, while his co-worker, Jose Marte, used a hose to wet the area.

15. At the aforementioned time and place, defendant P.O. HOOK began to issue a ticket to plaintiff's vehicle for being double parked.

16. Mr. Marte noticed the police officer, and informed plaintiff that he was about to get a ticket.

17. Plaintiff JOSE PINO immediately went to his vehicle in an attempt to move it before the office wrote the ticket.

18. By the time plaintiff JOSE PINO arrived at the vehicle, defendant P.O. HOOK had already issued the ticket, and had returned to his police vehicle.

19. P.O. Hook began to drive away slowly, and had a conversation with plaintiff JOSE PINO as he was leaving the scene.

20. Suddenly, and without any warning or provocation, defendant P.O. HOOK drove his car directly in front of plaintiff, got out of his vehicle, grabbed plaintiff, and told him to put his hands behind his back.

21. Plaintiff JOSE PINO immediately complied with the officer.

22. Plaintiff was then arrested, and taken to 43rd police precinct.

23. Plaintiff JOSE PINO was charged with, *inter alia*, menacing a police officer, menacing in the 2nd degree, and criminal possession of a weapon in the 4th degree.

24. In connection with this arrest, defendant P.O. HOOK filled out false and misleading police reports, and forwarded these reports to prosecutors in the Bronx County District Attorney's Office.

25. Specifically, defendant P.O. HOOK lied about JOSE PINO brandishing his shovel at the officer, and holding the shovel over the officer's head.

26. At no time on September 14, 2016, did plaintiff brandish the shovel and the officer.

27. At no time on September 14, 2016, did plaintiff hold the shovel over the officer's head, or anywhere near his head. The shovel remained at plaintiff's side at all times as he was speaking with the defendant officer.

28. The Security footage recovered from Elite Auto clearly contradicts P.O. HOOK's story about plaintiff JOSE PINO menacing the shovel at him.

29. After six (6) hours at the police precinct, plaintiff JOSE PINO was taken to central booking.

30. After approximately eighteen (18) hours, plaintiff JOSE PINO was arraigned.

31. Plaintiff JOSE PINO was on parole at the time of the arrest, and as such was not eligible for bail based on the manufactured charges filed by P.O HOOK.

32. Plaintiff JOSE PINO was remanded to custody on Rikers Island for eighteen days prior to his parole hearing.

33. At the parole hearing, plaintiff JOSE PINO played the video of the incident for the parole officer.

34.     After viewing the video, which showed conclusively that P.O. HOOK had lied about the facts and circumstances of the arrest, the Parole Board dropped all charges and Plaintiff JOSE PINO was able to make bail.

35.     On June 14, 2017, after viewing the video, the Bronx County District Attorney's Office dismissed all charges against plaintiff JOSE PINO.

36.     As a direct result of P.O. HOOK's unconstitutional and tortious conduct, JOSE PINO lost his employment at Elite Auto.

37.     As a result of the foregoing, plaintiff JOSE PINO sustained, *inter alia*, loss of liberty for approximately twenty (20) days, was required to make multiple court appearances, and suffered emotional distress, embarrassment and humiliation and deprivation of his constitutional rights, as well as loss of his employment.

## FIRST CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     As a result of defendant's aforementioned conduct, plaintiff JOSE PINO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

40.     As a result of the foregoing, plaintiff JOSE PINO's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendant P.O. HOOK misrepresented and falsified evidence before the District Attorney.

43. Defendant P.O. HOOK did not make a complete and full statement of facts to the District Attorney.

44. Defendant P.O. HOOK withheld exculpatory evidence from the District Attorney.

45. Defendant P.O. HOOK was directly and actively involved in the initiation of criminal proceedings against JOSE PINO.

46. Defendant P.O. HOOK lacked probable cause to initiate criminal proceedings against plaintiff JOSE PINO.

47. Defendant P.O. HOOK acted with malice in initiating criminal proceedings against plaintiff JOSE PINO.

48. Defendant P.O. HOOK was directly and actively involved in the continuation of criminal proceedings against plaintiff JOSE PINO.

49. Defendant P.O. HOOK lacked probable cause to continue criminal proceedings against plaintiff JOSE PINO.

50. Defendant P.O. HOOK acted with malice in continuing criminal proceedings against plaintiff JOSE PINO.

51. Defendant P.O. HOOK misrepresented and falsified evidence throughout all phases of the criminal proceedings.

52. Notwithstanding the perjurious and fraudulent conduct of P.O. HOOK, the criminal

proceedings were terminated in plaintiff JOSE PINO's favor when all charges against him were dismissed.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55. Defendant P.O. HOOK created false evidence against plaintiff JOSE PINO.

56. Defendant P.O. HOOK forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

57. In creating false evidence against plaintiff JOSE PINO, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FORTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The aforementioned individual defendant issued legal process to place plaintiff JOSE PINO under arrest.

61. The aforementioned individual defendant arrest plaintiff JOSE PINO in order to obtain a collateral objective outside the legitimate ends of the legal process.

62. The aforementioned individual defendant acted with intent to do harm to plaintiff JOSE PINO, without excuse or justification.

63. As a result of the foregoing, plaintiff JOSE PINO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff JOSE PINO demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
July 14, 2017

BY: _____
JON L. NORINSBERG
Jon@norinsberglaw.com
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396