```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :
JOSE PINO,                                               :
                                                         :
                              Plaintiff,                 :      17-CV-5332 (JMF)
                                                         :
              -v-                                        :      ORDER
                                                         :
P.O. JOHN HOOK et al.,                                   :
                                                         :
                              Defendants.                :
                                                         :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Defense counsel's complaints in her motion for reconsideration seeking a new trial date are overblown, if not frivolous. *See* Docket No. 121 (motion). The clear purpose of the telephone conference on May 1, 2019, was to discuss a new trial date, and counsel was on specific notice that the Court might schedule trial for the week of June 3, 2019. *See* Docket No. 102 ("The Court will consider adjourning the trial date once the parties have proposed a new date. The Court expects that the parties will propose a trial date soon after May 20, 2019, such as May 28, 2019, *or June 3, 2019*." (emphasis added)); *see also* Docket No. 119 (The "request for a telephone conference regarding the request to reschedule the May 20, 2019 trial date is GRANTED. . . . By that time, the parties must have conferred and must be able to jointly present to the Court at least two agreed-upon proposed trial dates."). Under these circumstances, any reasonable lawyer would have obtained more detailed information from her client about his schedule in the coming months and been able to proffer more than vague "family issues" as a reason for his inability to appear, as defense counsel did during the May 1st conference. In a world with telephones and e-mail, the fact that counsel was notified about the telephone conference on the evening of April 29, 2019 — more than a day and a half in advance of the conference — is hardly a good excuse for not having more specific information (particularly given that counsel could and should have sought more specific

information from her client in connection with her response to Plaintiff's initial request to reschedule trial). *See* Docket Nos. 99 (filed on April 12, 2019), 105 (filed on April 17, 2019).

That would be enough to warrant denial of the motion, but it bears noting that defense counsel's explanations for Mr. Hook's lack of availability have been anything but consistent. Most notably, defense counsel initially maintained that Mr. Hook was unable to travel to New York the week of June 3rd because of "work and family commitments." Docket No. 106. Now, she claims that he *will* be in New York that week, but is "scheduled to appear as a party to a trial in a matter pending before Judge Benedict in the Village of Airmont Justice Court in Rockland County, New York, beginning on June 4, 2019." Docket No. 121. In any event, whatever Mr. Hook's proceeding in the Village of Airmont Justice Court may be (counsel conspicuously fails to provide any details), the Court is confident that it can be adjusted to accommodate the need for trial in this two-year-old federal civil rights case. *See generally* https://www.airmont.org/departments/justice-court/ (noting that the Village of Airmont Justice Court "typically meets at Village Hall the first and third Thursday of each month from from [sic] 5:00 to 8:00pm"); Justice Court Manual 8-13 (Jan. 31, 2015), *available at* www.nycourts.gov/courts/townandvillage/FinalJustice CourtManualforUSCsite.pdf (describing the limited jurisdiction of Village Courts under New York law). The bottom line is that, to the extent that Mr. Hook has a problem with the trial date in this matter, it is a problem of counsel's making, not the Court's.

Accordingly, the motion for reconsideration is DENIED and the trial date remains June 3, 2019. The Clerk of Court is directed to terminate Docket No. 121.

SO ORDERED.

Dated: May 3, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2